UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KANASHA WOODS,

          Plaintiff,

v.

DIMENSIONS LIVING CUDAHY, LLC and HEALTH DIMENSIONS CONSULTING, INC.,

          Defendants.

Case No. 25-CV-378-JPS

ORDER

      On August 22, 2025, Plaintiff Kanasha Woods ("Plaintiff") moved to compel discovery from Defendants Dimensions Living Cudahy, LLC and Health Dimensions Consulting, Inc. ("Defendants"). ECF No. 12. Defendants have not yet responded, but because Plaintiff has failed to comply with the Court's protocols and with Federal Rule of Civil Procedure 37, the Court will summarily deny Plaintiff's motion.

      The Court's Comprehensive Protocols and Procedures Order specifically requires that "parties . . . meet and confer about any potentially disputed matter before presenting it to the Court" and that the Court "may strike or outright deny a motion" if the moving party fails to comply with this requirement. ECF No. 2 at 11. "[T]he parties must meet and confer in a good faith attempt" to "avoid unnecessary Court intervention, or to narrow the scope of issues the Court must resolve." *Id.* The Federal Rules of Civil Procedure contain a similar requirement for parties to fulfill prior to moving to compel discovery: any motion to compel "must include a certification that the movant has in good faith conferred or attempted to

confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Finally, Civil Local Rule 37 also requires that any discovery motion be accompanied by a written certification that the movant conferred in good faith with the party from whom the movant seeks discovery. It further requires that the certification "recite the date and time of the conference or conferences and the name of all parties participating in the conference or conferences." Civ. L.R. 37.

Plaintiff's motion does not meet any of these requirements. Instead, it merely states that Plaintiff "objected to the adequacy of Defendants' [discovery] responses" and that "counsel for the parties conferred on the objections on July 29, 2025." ECF No. 13 at 1. After this July 29, 2025 meeting, however, Defendants produced supplemental discovery responses to Plaintiff. *Id.* While Plaintiff claims that these supplemental responses "are also inadequate," nothing in her motion suggests that Plaintiff ever discussed the alleged inadequacies with Defendants, nor that Plaintiff discussed her forthcoming motion to compel with them. *See generally* ECF Nos. 12 and 13. Indeed, Plaintiff filed her motion to compel just two days after Defendants produced their supplemental responses, which suggests that no meet and confer about those responses occurred. ECF No. 12 at 1 (noting that Defendants produced their supplemental discovery on August 20, 2025); ECF No. 14 at 1 (same).[1]

---

[1] While Plaintiff's motion and her brief in support were filed on August 22, 2025, the documents themselves are dated August 12, 2025, which was before Defendants produced their supplemental discovery. ECF No. 12 at 1; ECF No. 13 at 17. This suggests that Plaintiff prepared her motion before ever seeing the contents of Defendants' complaint with Rule 37, the Local Rules, or the Court's Protocols.

Page 2 of 3
Case 2:25-cv-00378-JPS    Filed 08/25/25    Page 2 of 3    Document 15

Accordingly, the Court finds that Plaintiff has failed to comply with the Court's protocols and Rule 37's requirement to meet and confer in good faith and will deny Plaintiff's motion on this basis. This denial will operate without prejudice; Plaintiff may refile a compliant motion should it become necessary *after* her counsel confers with Defendants about the particulars of her issues with their supplemental discovery responses.

Accordingly,

**IT IS ORDERED** that Plaintiff Kanasha Wood's motion to compel discovery, ECF No. 12, be and the same is hereby **DENIED without prejudice.**

Dated at Milwaukee, Wisconsin, this 25th day of August, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge