# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KANASHA WOODS,

    Plaintiff,

v.

DIMENSIONS LIVING CUDAHY, LLC and HEALTH DIMENSIONS CONSULTING, INC.,

    Defendants.

Case No. 25-CV-378-JPS

**ORDER**

## 1.   INTRODUCTION

  This case, pending since March 2025, ECF No. 1, has gotten off to a rocky start. Plaintiff Kanasha Woods ("Plaintiff") raises claims that she was not properly compensated as required by the Fair Labor Standards Act ("FLSA") and Wisconsin wage law. *Id.* The Court has already denied Plaintiff's motion to compel without prejudice. ECF No. 15. In turn, Defendants Dimensions Living Cudahy, LLC and Health Dimensions Consulting, Inc. ("Defendants") moved for a protective order or, in the alternative, to bifurcate discovery. ECF No. 16. In a nutshell, Defendants argue that Plaintiff's position in this case is precluded by the disposition of another recent Eastern District case, *Lutz v. Froedtert Health*, and therefore the Court should prevent Plaintiff from taking class- and collective-wide discovery, or bifurcate discovery to address the preliminary issue of whether Plaintiff's claims are viable at all. *See generally* ECF No. 17.; *Lutz v. Froedtert Health Inc.*, No. 23-CV-974, 2025 WL 2049206 (E.D. Wis. July 22, 2025), *amended on reconsideration in part*, No. 23-CV-974, 2025 WL 2804431

(E.D. Wis. Oct. 2, 2025); *see also generally Lutz v. Froedtert Health Inc.*, No. 23-CV-974 (E.D. Wis. July 20, 2023) (hereinafter "*Lutz* District Court Case").

In response to Defendants' motion, Plaintiff renewed her motion to compel discovery, which the Court denied as duplicative, instead directing Plaintiff to raise her arguments in response to Defendant's motion. ECF No. 18 and Oct. 6, 2025 text order. Defendants' motion is fully briefed and ripe for disposition. ECF Nos. 17, 21, 23. Plaintiff also moved for leave to file a sur-reply, which Defendants did not oppose. ECF No. 25; Civ. L.R. 7(b).

After Defendant's motion became fully briefed, the Court directed the parties to inform the Court whether a stay of this matter was appropriate considering Plaintiff's appeal in *Lutz v. Froedtert Health*. Nov. 13, 2025 text order; Appeal No. 25-2802 (7th Cir. Oct. 14, 2025) (hereinafter "*Lutz* Appeal"). The parties indicated that they could not come to an agreement regarding a potential stay and outlining their respective positions. *See generally* ECF No. 27.

Defendants also move for leave to file an amended answer that asserts new affirmative defenses; the motion is fully briefed. ECF Nos. 26, 28, 29.

This Order determines that a stay pending the outcome of the *Lutz* Appeal is appropriate in this case. Accordingly, Defendants' motion for a protective order, Plaintiff's motion for leave to file a sur-reply, and Defendants' motion to file an amended answer will all be denied without prejudice.

2. **STAY PENDING *LUTZ* APPEAL**

"[A] district court has inherent power to exercise its discretion to stay proceedings to avoid unnecessary litigation of the same issues." *Munson v. Butler*, 776 F. App'x 339, 342 (7th Cir. 2019) (citing *Landis v. N. Am. Co.*, 299

U.S. 248, 254 (1936)); *see also* 5A WRIGHT & MILLER'S FEDERAL PRACTICE AND PROCEDURE, CIVIL 3d § 1360 (2025) (noting that stays may be appropriate "when a related matter is pending elsewhere . . .[,] to defer to an alternate forum that should take up the matter," or "to maximize the effective utilization of judicial resources and to minimize the possibility of conflicts between courts"); *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) ("It is within the discretion of the court to stay proceedings pending the resolution of other suits." (citing *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997))).

"[I]mposing a stay requires the court to 'balance interests favoring a stay against interests frustrated by the action' in light of the court's strict duty to exercise jurisdiction in a timely manner." *Grice Eng'g, Inc.*, 691 F. Supp. 2d at 920 (quoting *Cherokee Nation*, 124 F.3d at 1416). "Courts often consider the following factors when deciding whether to stay an action: (1) whether the litigation is at an early stage, . . . ; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." *Id.* (citing *Seaquist Closures LLC v. Rexam Plastics*, No. 08C0106, 2008 WL 4691792, at *1 (E.D. Wis. Oct. 22, 2008); *Tap Pharm. Prods., Inc. v. Atrix Lab'ys, Inc.*, No. 03 C 7822, 2004 WL 422697, at *1 (N.D. Ill. Mar. 3, 2004); and *Baxter Int'l, Inc. v. Fresenius Med. Care Holdings, Inc.*, No. 08 C 2389, 2008 WL 4395854, at *3 (N.D. Ill. Sept. 25, 2008)).

*Lutz* and this case indeed present the same issues and can be considered related actions. The parties do not seem to dispute this. *See generally* ECF No. 27. Indeed, Plaintiff concedes that a stay is appropriate when the case "is ready for a decision on the merits" (which Plaintiff, of

course, contends will occur only after individual and class/collective discovery are complete). *Id.* at 1. For the avoidance of doubt, the Court briefly explains why this case and *Lutz* are related such that the resolution of the *Lutz* appeal will be dispositive of key questions in this case.

In this case, Plaintiff challenges Defendants' method of calculating overtime pay in light of bonuses and premiums that she received for working weekend and on-call shifts. ECF No. 1 at 8–9; *id.* at 4–5 (detailing the overtime pay Plaintiff received and how she believes the overtime pay should have been calculated).[1] She alleges that Defendants' method improperly "offset[s]" or "credit[s]" the non-overtime bonus/premium pay that she earned in her first forty hours of work in a given week against her overtime pay. *Id.* at 6, 9. She argues that this method ultimately resulted in her being paid less than time and a half for her overtime hours, violating 29 U.S.C. § 207(a)(1). *Id.* at 9. She raises the same allegations in support of a claim under Wisconsin wage law. *Id.* at 10–11.

She seeks to represent an FLSA collective of employees at Defendants' facilities who "worked more than 40 hours, and received overtime pay that equaled to less than time and a half the regular rate of pay that they earned during the workweek." *Id.* at 6. She avers that "the Court's determination of how the FLSA requires their overtime pay to be computed will equally affect the Named Plaintiff and each collective member." *Id.* She also seeks to represent a class under Federal Rule of Civil Procedure 23 for her Wisconsin wage law claim. *Id.* at 6–8.

---

[1] She also claims that she "sometimes worked through her meal periods" and should have been credited with this additional work time for purposes of calculating her overtime pay. ECF No. 1 at 9–10. These allegations are intertwined with her overtime claims rather than a standalone FLSA or Wisconsin wage law claim.

The operative complaint in *Lutz* similarly challenged the defendant, Froedtert's, "failure to pay [the plaintiff, the FLSA collective, and the class] overtime pay required by the FLSA and Wisconsin law." *Lutz* District Court Case, ECF No. 165 at 1 (E.D. Wis. Oct. 9, 2025).[2] Similar to Plaintiff here, Lutz alleged that she received various premiums and additional pay for working certain shifts and times, but that "[n]one of the additional forms of compensation that [she] received for her first 40 hours worked each week . . . constitute overtime pay that can be used to offset weekly overtime that Froedtert owes to her." *Id.* at 3–5, 8. And like Plaintiff here, Lutz challenged Froedtert's practice of "either paying . . . overtime pay equal to less than time and a half her regular rate of pay, or by claiming, as a credit against weekly overtime pay owed to her, compensation that it paid to her for her first 40 hours worked each week that do not qualify as overtime premium pay," as violating the FLSA. *Id.* at 8.

---

[2]The operative complaint in *Lutz* was filed after summary judgment and a motion for reconsideration were addressed, seemingly in order to get a final judgment for purposes of appeal. *See Lutz* District Court Case, ECF Nos. 130 (second amended complaint), 164 (order directing the Clerk of Court to enter judgment after the filing of the third amended complaint), 165 (third amended complaint), and 166 (judgment). The second amended complaint in effect at the time of dispositive motions and operative third amended complaint are identical in all respects relevant to the instant case. *Compare id.*, ECF No. 130 with *id.*, ECF No. 165.

Unlike Plaintiff here, Lutz's operative complaint raised allegations that her holiday pay rate was improperly excluded from her regular rate of pay, and did not re-raise earlier allegations that she was made to work through meal breaks without pay. *Id.*, ECF No. 165 at 2–4. However, the Court finds these differences immaterial, because the relevant legal question that Plaintiff and Lutz seek to resolve is identical, as explained below. In any case, "[e]ven when the two cases are not parallel, the court has discretion to stay a case for judicial efficiency." *Minocqua Brewing Co., LLC v. Hess*, Case No. 25-cv-325-jdp, 2025 WL 2977986, at *5 (W.D. Wis. Oct. 22, 2025) (citing *Hintze v. Hintze*, Case No. 23-cv-685-jdp, 2024 WL 1758690, at *2 (W.D. Wis. Apr. 24, 2024)).

Lutz sought relief on behalf of an FLSA collective and a Rule 23 class who were subject to the overtime rate calculation. *Id.* at 5–7. Magistrate Judge William E. Duffin conditionally certified an FLSA collective, and the parties stipulated to certification of the class and defined two subclasses. *Lutz* District Court Case, ECF Nos. 28, 120, 123. Ultimately, however, the collective and class did not receive any relief because Magistrate Judge Duffin largely granted summary judgment for Froedtert. *Id.*, ECF No. 155.

As relevant to the present case, Magistrate Judge Duffin found Froedtert's method of calculating overtime pay "consistent with guidance from the Department of Labor" and the definition of "regular rate" in 29 U.S.C. § 207(e), and rejected Lutz's argument that Froedtert improperly "credited" earnings against overtime liability. *Lutz*, 2025 WL 2049206, at *3–4. Lutz moved for reconsideration on this issue, but Magistrate Judge Duffin reiterated that "Lutz has not demonstrated that any such crediting occurred here." *Lutz*, 2025 WL 2804431, at *3. He noted that "[t]o include the extra pay in question in the regular rate calculation and then exclude that extra pay from the one and one-half times calculation of overtime compensation would constitute a form of pyramiding made impermissible by" *Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446, 464 (1948), "the very precedent Lutz claims to be enforcing." *Id.* at *2.

Defendant argues—in the context of the present discovery dispute—that Magistrate Judge Duffin's conclusion in *Lutz* "that the Department of labor's guidance on overtime calculations" forecloses any relief for Plaintiff in this case. ECF No. 17 at 2; *id.* at 3 ("Plaintiff cannot obtain the sweeping class-wide discovery she demands where the central, dispositive question—whether Plaintiff herself was paid properly—has already been answered in the affirmative by this District Court."). Plaintiff argues that

Page 6 of 14
Case 2:25-cv-00378-JPS    Filed 01/26/26    Page 6 of 14    Document 30

she should be permitted to proceed with class-wide discovery because *Lutz* "is neither binding upon this Court, nor precedent that should be followed under stare decisis." ECF No. 21 at 1. She defends the merits of her claim, arguing that the out-of-circuit persuasive authority on which Magistrate Judge Duffin relied to reject Lutz's argument is incorrect or inapposite. *Id.* at 8–9 (citing *Delpin Aponte v. United States*, 116 Fed. Cl. 5, 20–21 (2014), *aff'd*, 620 F. App'x 960 (Fed. Cir. 2015) and *Chavez v. City of Albuquerque*, 630 F.3d 1300, 1305, 1313 (10th Cir. 2011)); *Lutz*, 2025 WL 2049206, at *4 (citing same). She also argues—like Lutz did on reconsideration—that "Defendants' rationale" for how they computed Plaintiff's overtime pay is "inconsistent with" *Bay Ridge*. ECF No. 21 at 3, 8 (citing 334 U.S. at 476).

Lutz intends to raise some version of these arguments on appeal. *Compare Lutz* Appeal, ECF No. 3 at 2 (including, among the issues to be presented on appeal, a challenge to Magistrate Judge Duffin's "holding that even though an employer received different amounts of wages for different hours worked during the workweek, an employer may always presume an employee is receiv[ing] the regular rate for each hour worked during the week; and that not adopting such a presumption would result in pyramiding prohibited by *Bay Ridge* . . . , 334 U.S. 446"), *with* ECF No. 21 at 4–5 (Plaintiff's opposition brief in the instant case and discovery dispute, arguing that "there is no irrebuttable presumption that a salary must equally be compensation for all hours worked during the week including overtime hours"). As mentioned above, Plaintiff here does not dispute that this case and *Lutz* are related nor that a stay would be appropriate when this case "is ready for a decision on the merits." ECF No. 27 at 1.

Considering this background and the stay factors enumerated in *Grice*, 691 F. Supp. 2d at 920, the Court concludes that a stay is appropriate in this matter.

First, this litigation is at an early stage. *Id*. (citations omitted). Although Defendants believe that this case is "ripe for summary judgment" as to Plaintiff's individual claims in light of Magistrate Judge Duffin's *Lutz* decision, they also note that this case is "still in its infancy," with only initial written discovery having been exchanged. ECF No. 27 at 3–4. The discovery disputes related to Plaintiff's first and second set of discovery requests, ECF No. 17 at 4, demonstrate that the case is in an early stage. This factor accordingly favors a stay. And while the Court appreciates Plaintiff's attention to its preference that cases be concluded expeditiously, *id.* at 2 (citing ECF No. 2 at 1), the Court is concerned with judicial *economy*, not just speed. As discussed further below with respect to the fourth factor, concerns of efficiency also favor a stay.

Second, the Court finds that Plaintiff will not be "unduly prejudice[d] or tactically disadvantage[d]" by a stay. *Grice*, 691 F. Supp. 2d at 920 (citations omitted). Plaintiff does not allege any ongoing harm or seek prospective relief in the complaint. *See generally* ECF No. 1. Although it is "uncertain when the appeal would be resolved,"[3] a stay would not deprive Plaintiff or the putative class or collective of potential relief; it would only defer the opportunity for such relief. *See Treadwell v. Power Sols. Int'l, Inc.*, No. 18-CV-8212, 2021 WL 5712186, at *4 (N.D. Ill. Dec. 2, 2021) (granting

---

[3]Briefing of the appeal is currently scheduled to conclude on March 2, 2026. *Lutz* Appeal, ECF No. 9. It is not clear whether the parties will submit the cause on the papers or seek oral argument before a panel of the Seventh Circuit, and obviously the Court cannot predict the Seventh Circuit's schedule for disposing of this appeal.

partial stay despite the "harms associated with the retention and potential misuse of sensitive data" alleged in the case); *contra Grice*, 691 F. Supp. 2d at 921 (denying a stay where the plaintiff "would be deprived of the ability to obtain a judgment and injunctive relief while the stay is pending," which "might allow [the] defendants the opportunity to exploit and violate [the] plaintiff's intellectual property rights").

Plaintiff argues that a stay would be prejudicial because she is "not allowed to provide notice to potential FLSA collective members without court supervision," triggering potential concerns about expiration of the statute of limitations for FLSA collective members' claims during any stay pending resolution of the *Lutz* appeal. ECF No. 27 at 2–3 (citations omitted). The Court appreciates this concern but is not persuaded by it. District courts have discretion to equitably toll the statute of limitations for FLSA collective members. *See, e.g., Bergman v. Kindred Healthcare, Inc.*, 949 F. Supp. 2d 852, 860–61 (N.D. Ill. 2013) (equitably tolling statute of limitations for FLSA collective members where two years elapsed between when motion for conditional certification was fully briefed and when it was decided). Plaintiff complains that "Defendants have not offered to stay the FLSA statute of limitations during any stay," ECF No. 27 at 3, but this concern is premature. Should this case advance after *Lutz* is decided, the Court will then entertain a motion for conditional certification of the FLSA collective in due course, and Plaintiff may argue therein for equitable tolling of the statute of limitations (or Defendants may stipulate that equitable tolling applies).

In the meantime, Defendants are well aware of this litigation and their obligation to preserve relevant evidence. *See* ECF No. 21 (Plaintiff's opposition to Defendants' discovery motion, noting that Defendants

possess documents relevant to defining any class and collective); *Cohn v. Guaranteed Rate, Inc.*, 318 F.R.D. 350, 354 (N.D. Ill. 2016) (noting broad duty to preserve evidence that the producing party "knew or reasonably could foresee would be relevant to the action" (quoting *Scruggs v. Miller*, No. 3:16-CV-050 JD, 2016 WL 495603, at *5 (N.D. Ind. Feb. 8, 2016))). Plaintiff has not argued that important witnesses' memories will be impacted by the passage of time during a potential stay; to the contrary, her arguments for compelling discovery indicate that employees' check stubs—data which will not change during a stay—will be the main source of evidence for her and the class and collective's claims. *See* ECF No. 21 at 11–13. Plaintiff and the putative class, thus, suffer no tactical disadvantage in being unable to access this discovery at this time. *See, e.g., Woodman's Food Mkt., Inc. v. Clorox Co.*, No. 14-CV-734-SLC, 2015 WL 4858396, at *3 (W.D. Wis. Aug. 13, 2015) ("Although Woodman's contends that it should be allowed to continue with discovery and litigation of its . . . claims, it has not shown that it will suffer significant harm if it must wait to do so." The Court therefore finds that, on balance, neither Plaintiff nor the potential FLSA collective will be unduly prejudice or tactically disadvantaged by a stay.

Third, a stay promises to "simplify the issues in question." *Grice*, 691 F. Supp. 2d at 920 (citations omitted). Stays are frequently granted where a higher court's binding ruling on the issue presented will resolve a key issue in the case. *See generally Treadwell*, 2021 WL 5712186, at *4 ("Here, the Seventh Circuit's decision in [a pending appeal] may limit Treadwell's and the classes' timely claims and a stay is appropriate pending the interlocutory appeal. And Seventh Circuit's decision in [the pending appeal] will be binding on this Court."); *Tonn & Blank Const., LLC v. Sebelius*, 968 F. Supp. 2d 990 (N.D. Ind. 2013) (granting stay during appeal to Seventh

Circuit); *Walker v. Monsanto Co. Pension Plan*, 472 F. Supp. 2d 1053 (S.D. Ill. 2006) (granting stay during pendency of petition for writ of certiorari before the Supreme Court); *Coombs v. Diguglielmo*, No. CIV.A. 04-1841, 2004 WL 1631416 (E.D. Pa. July 21, 2004) (same). On the other hand, stays are not appropriate pending another court's decision of "indeterminate persuasive value." *Treadwell*, 2021 WL 5712186, at *2 (citation and footnote omitted); *see also Johnson v. Navient Sols., Inc.*, 150 F. Supp. 3d 1005, 1008 (S.D. Ind. 2015) (denying defendant's motion to stay because the case law the defendant relied on "w[ould] not affect [the plaintiff's] entitlement to relief" (citation omitted)).

Here, as discussed above, the *Lutz* Appeal is poised to resolve the lawfulness of Defendants' method of overtime calculation and will bind this Court. An opinion affirming Magistrate Judge Duffin's decision in Froedtert's favor would preclude Plaintiff's identical claims. Plaintiff offers no argument to the contrary—instead, she simply argues that Magistrate Judge Duffin decided *Lutz* incorrectly. *See* ECF No. 21 at 3–7. Likewise, an opinion taking issue with Magistrate Judge Duffin's finding on Froedtert's method of overtime calculation would provide important direction for the parties in this case to determine whether and how Plaintiff can proceed, perhaps resolving the need for adversarial motion practice on discovery, class and collective certification, and dispositive issues. Either way, the Seventh Circuit's decision in *Lutz* will greatly simplify the task before the Court and the parties. Accordingly, this factor favors a stay.

Finally, a stay will "reduce the burden of litigation on the parties and on the court." *Grice*, 691 F. Supp. 2d at 920 (citations omitted). The parties have already spilled much ink on preliminary discovery disputes, and much of the briefing amounts to a "mock trial" on the merits of this case.

*See* ECF Nos. 17, 21, 23, 25. There is no need for the parties to expend further resources on merits questions that will soon be answered by the appellate court, and the Court in its discretion does not find it appropriate to entertain arguments that could result in inconsistent rulings among different judges of this District. *Saturday Evening Post Soc'y, Inc. v. Cincinnati Ins. Co.*, Case No. 1:22-cv-00472-RLM-DLP, 2022 WL 16776134 at *2 (S.D. Ind. Nov. 8, 2022) (citing *Nexxt Sol., LLC v. XOS Techs. Inc*., Case No. 3:13-cv-1030-JTM-CAN, 2015 WL 13819798, at *2 (N.D. Ind. Apr. 27, 2015)) (discussing importance of avoiding inconsistent rulings). Similarly, there is no need to conduct time-consuming class and collective discovery that may ultimately be unnecessary in light of either of the potential resolutions of the *Lutz* Appeal noted above. It is simply inefficient to "first resolve the discovery dispute[ and] decide questions of conditional and class certification, and stay this case only when [the Court] is ready for a decision on the merits," as Plaintiff suggests. ECF No. 27 at 1.

As already noted, in deciding whether to impose a stay, the Court must "balance interests favoring a stay against interests frustrated by the action." *Grice*, 691 F. Supp. 2d at 920 (citation omitted). Here, the balance of those interests favors a stay. Accordingly, the Court will stay this case pending the outcome of the *Lutz* Appeal, and will direct the Clerk of Court to administratively close this case in the meantime. Either party may move to reopen this case within **fourteen (14) days** of the Seventh Circuit's issuance of the mandate or other dispositional order in the *Lutz* Appeal. Alternatively, if the parties resolve this case outside of Court before that time, they should promptly advise the Court of as much in writing on the docket.

### 3. REMAINING MOTIONS

Because the Court will stay this case, it will deny without prejudice Defendants' motion for a protective order, Plaintiff's motion for leave to file a sur-reply, and Defendants' motion for leave to file an amended answer. As discussed above, it is premature for the Court to rule on discovery matters when the need for and scope of discovery will depend on the outcome of the *Lutz* Appeal. It is also premature for the Court to opine on the appropriateness of Defendants' proposed amended answer. The parties dispute the merits of the proposed amended answer. ECF No. 28 at 2–10 (arguing that Defendants' proposed new affirmative defenses are futile); ECF No. 29 at 3–4 (arguing the opposite). But the Court is decidedly not addressing the merits of this case at this time, and accepting Defendants' amended answer would affect the scope of discovery, which is also on pause. For both of these reasons, the Court will defer ruling on Defendants' request to amend their answer until a later time.

If and when the parties move to reopen this case, and if these three motions remain relevant and the parties cannot come to an agreement on discovery matters, they may move the Court to rule on the motions considering the previously-submitted briefing.

### 4. CONCLUSION

As discussed above, the Court finds it prudent to implement a stay in this matter and to administratively close this case. Defendants' motion for a protective order, Plaintiff's motion for leave to file a sur-reply thereto, and Defendants' motion for leave to file an amended answer will be denied without prejudice.

Accordingly,

**IT IS ORDERED** that Defendants Dimensions Living Cudahy, LLC and Health Dimensions Consulting, Inc.'s motion for a protective order or to bifurcate discovery, ECF No. 16, be and the same hereby is **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff Kanasha Woods's motion for leave to file a sur-reply, ECF No. 25, be and the same hereby is **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Defendants Dimensions Living Cudahy, LLC and Health Dimensions Consulting, Inc.'s motion for leave to file an amended answer, ECF No. 26, be and the same hereby is **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that this case be and the same hereby is **STAYED** pending resolution of *Lutz v. Froedtert Health*, Appeal No. 25-2802 (7th Cir. Oct. 14, 2025); either party may move to reopen this case within **fourteen (14) days** of the Seventh Circuit's issuance of the mandate or other disposition order in the *Lutz* Appeal; and

**IT IS FURTHER ORDERED** that the Clerk of Court **ADMINISTRATIVELY CLOSE** this case.

Dated at Milwaukee, Wisconsin, this 26th day of January, 2026.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge